```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION        FILED:  JUNE 25, 2008
KAREN NASH, M.D.,                  )            08CV3648
                                   )            JUDGE ZAGEL
              Plaintiff,           )     No.    MAGISTRATE JUDGE MASON
                                   )            NF
vs.                                )
                                   )     JURY TRIAL DEMANDED
COUNTY OF COOK,                    )
                                   )
                                   )
              Defendant.           )
```

## COMPLAINT

NOW COMES the Plaintiff, KAREN NASH, M.D., by and through her attorney, Linda C. Chatman of Marcus, Boxerman & Chatman, LLP, for her Complaint against the COUNTY OF COOK.

## NATURE OF ACTION

This is an action to address and correct unlawful employment and other practices on the basis of race and sex, including violation of Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act, 29 U.S.C. § 206 (d)(1). Plaintiff was adversely affected by Defendant's unlawful actions and seek the appropriate relief from this honorable court.

Plaintiff, Karen Nash, M.D., alleges that Defendant County of Cook, violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1983, and the Equal Pay Act, 29 U.S.C. § 206 (d)(1), by: (1) denying her the same compensation as similarly situated non-Black and male physicians; (2) subjecting her to a

hostile work environment; and (3) terminating her employment under the guise of a "reduction in force" when her non-Black and male colleagues with less seniority, inferior credentials and less experience were not terminated.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451,1331,1337,1343, and 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e, et.seq., 42 U.S.C. §1983, 42 U.S.C. 1985 and the Equal Pay Act, 29 U.S.C. § 206 (d)(1).

2. The employment practices hereafter alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

3. More than 30 days prior to the institution of this lawsuit, Plaintiff filed charges of discrimination with the EEOC alleging violations of Title VII and the Equal Pay Act by Defendant, Cook County. (See attached hereto collectively marked as **Exhibit A**, incorporated herein, and made a part hereof by reference.) The U.S. Department of Justice issued a Notice of Right to Sue to Plaintiff on April 10, 2008.(See attached hereto and marked as **Exhibit B**, incorporated herein, and made a part hereof by reference.) The County of Cook (hereinafter "Cook County")terminated Plaintiffs' employment on April 13, 2007, less

2

than two years from the date of this filing, as required by Section 1983. All conditions precedent to the institution of this lawsuit have been fulfilled.

### PARTIES

4. Plaintiff, Karen Nash, M.D., (hereinafter "Dr. Nash") was an Oral and Maxillofacial Surgeon between February 1992 and April 13, 2007. On February 4, 2008, Dr. Nash timely filed Charge Number 440-2008-02794 with the EEOC against the Bureau of Health and she is expressly authorized to bring this action for race and sex discrimination by Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act, 29 U.S.C. § 206 (d)(1).

5. Defendant, County of Cook (hereinafter "Cook County") has at all times relevant, operated one of the largest Public Health Systems in the country via the Cook County Bureau of Health Services (hereinafter the "Bureau"). The Bureau is the second largest division of Cook County Government. The Bureau has seven affiliates, including John H. Stroger Hospital Oak Forest Hospital and Provident Hospital. (See Attached Web Page Marked **Exhibit C** incorporated herein, and made a part hereof by reference.)

6. At all times relevant, Cook County has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

**STATEMENT OF FACTS**

7. Cook County, through the Bureau, provides health services to the more than five million people in need in Cook County, Illinois.

8. The Bureau's mission statement says that it will ensure access to all those in need of services.

9. The Bureau has seven affiliates including: 1)Ambulatory and Community Health Network of Cook County; 2)Cermak Health Services of Cook County; 3)Cook County Department of Public Health; 4)The Ruth M. Rothstein CORE Center; 5) John H. Stroger, Jr. Hospital of Cook County; 6) Oak Forest Hospital of Cook County; and 7) Provident Hospital of Cook County.

10. The Bureau, and therefore the medical care provided by the Bureau, is supported by the citizens of Cook County via their tax dollars.

11. Cook County, via the Bureau, has a long standing practice of excluding Blacks and women from management positions in the Bureau and, most recently, have concentrated the few Black administrators and the majority of Black physicians at Provident Hospital of Cook County.

12. Cook County, via the Bureau, has a long standing practice of underpaying and overworking Black and female physicians within the Bureau.

13. Throughout her employment at Cook County, Dr. Nash was the only full-time Black and the only female Oral and Maxillofacial Surgeon in the Bureau's Division of Oral and Maxillofacial Surgery.

14. Throughout her employment at Cook County, Dr. Nash was the only physician that did Otolaryngotomy procedures for the entire Bureau.

15. Dr. Nash worked extremely hard and long hours to provide quality services to those most in need; she worked virtually seven (7) days per week being on call for twenty-four (24) hours with only one (1) weekend off per month.

16. Dr. Nash's non-Black and male colleagues were not required to work such extreme hours.

17. Dr. Nash was paid less than her non-Black and male colleagues and subordinates who worked less and had less seniority.

18. Cook County repeatedly subjected Dr. Nash to unfounded and unsubstantiated negative criticism of her competency and productivity whereas her non-Black and male colleagues were not subjected to such treatment.

19. Dr. Nash's immediate supervisor, Clifford Crawford, M.D., repeatedly left her out of her department's budget and only put her back in after Dr. Nash and other physicians pointed it out and complaint. Dr. Crawford but did not leave Dr. Nash's

non-Black and male colleagues out of the budget.

20. In 2007, Cook County announced a "reduction in force" due to budget cuts which, by the applicable law and the Bureau's own policies, was supposed to be carried out by seniority with the least senior employees being laid off first and the most senior employees being recalled first, <u>prior to the hiring of any new employees</u>.

21. Cook County did not produce or provide any "lay-off" plan to the affected employees.

22. Cook County did not carry out physician lay-offs according to seniority; Cook County terminated Dr. Nash without regard for her seniority or her credentials in violation of the applicable law and rules governing any "reduction in force" at Cook County.

23. Cook County used the purported "reduction in force" to target certain physicians, especially at Provident Hospital, including Dr. Nash for termination. (See attached letter to Todd Stroger Marked **Exhibit D** incorporated herein, and made a part hereof by reference.)

24. At the time of her "lay off", Dr. Nash had fifteen (15) years of seniority at Cook County.

25. At the same time, non-Black and male physicians, in her specialty, with inferior credentials, less experience and less seniority were not "laid off".

6

## COUNT I

### Race and Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended

26. Plaintiff incorporates by reference paragraphs 1 thru 25.

27. As a result of Defendant's discriminatory acts, Plaintiff received disparate treatment, including but not limited to: 1) being paid less than her non-Black and male colleagues and subordinates; 2) being subjected to a hostile work environment; 3) being repeatedly left out of the budget by Defendant Clifford Crawford, M.D.; and 4) being terminated under the guise of a "reduction in force" on April 13, 2007 while non-Black and male colleagues inferior credentials, less experience and less seniority were not terminated.

28. In direct violation of Title VII of the Civil Rights Act of 1964, as amended, Cook County engaged in Race and Sex Discrimination as described in the attached Charge of Discrimination, attached hereto as Exhibit A.

29. As a result of Cook County's conduct, as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to Title VII of the Civil Rights Act of 1964, as amended.

7

WHEREFORE, Plaintiff, Karen Nash, M.D., prays for Judgment against Cook County, as follows:

A. For an award of compensatory damages for Plaintiff's injury to her career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits in excess of $75,000.00;

B. For Attorneys Fees and costs of this suit, including expert witness fees;

C. Front Pay;

D. Pre-judgment interest in an amount to be determined at the time of trial; and

E. For such other relief as is just and equitable.

### COUNT II

**Violation of the Equal Pay Act, 29 U.S.C. § 206 (d)(1)**

30. Plaintiff incorporates by reference paragraphs 1 thru 29.

31. As a result of Defendant's discriminatory acts, Plaintiff received disparate treatment, including but not limited to: 1) being paid less than her male colleagues and subordinates; and 2) being repeatedly left out of the budget by Defendant Clifford Crawford, M.D.

28. In direct violation of the Equal Pay Act, 29 U.S.C. § 206

8

(d)(1), Cook County illegally discriminated against Dr. Nash by paying her less than her male colleagues with inferior credentials, less experience and less seniority, as described in the attached Charge of Discrimination, attached hereto as Exhibit A.

32. As a result of Cook County's conduct, as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to the Equal Pay Act, 29 U.S.C. § 206 (d)(1).

WHEREFORE, Plaintiff, Karen Nash, M.D., prays for Judgment against Cook County, as follows:

A. For an award of damages for Plaintiff's injury to her career and back pay in excess of $75,000.00;

B. Liquidated Damages;

C. For Attorneys Fees and costs of this suit, including expert witness fees;

D. Pre-judgment Interest in an amount to be determined at the time of trial;

E. Post Judgment Interest; and

F.  For such other relief as is just and equitable.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　_[signature]_
　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiff

Linda C. Chatman
MARCUS, BOXERMAN & CHATMAN, LLP
19 S. LaSalle Suite 1500
Chicago, Illinois 60603
312-917-1005

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2008-02794 |

_____ and EEOC
*State or local Agency, if any*

**NAME** *(Indicate Mr., Ms., Mrs.)*: Dr. Karen Nash
**HOME TELEPHONE** *(Include Area Code)*: 773-493-6687
**STREET ADDRESS**: 6858 S. Euclid, **CITY, STATE AND ZIP CODE**: Chicago, Illinois 60649
**DATE OF BIRTH**: 3-24-56

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(If more than one list below.)*

**NAME**: Cook County Bureau of Health
**NUMBER OF EMPLOYEES, MEMBERS**: > 500
**TELEPHONE** *(Include Area Code)*: 312-864-6820
**STREET ADDRESS**: 1900 W. Polk, Suite 220, **CITY, STATE AND ZIP CODE**: Chicago, Illinois 60612
**COUNTY**: Cook

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*:
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☒ OTHER *(Specify)* EPA

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)    LATEST (ALL)
April 13, 2007
☐ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s))*:

I began employment with Respondent in or around February 1992. My position at the time of the alleged discrimination was Oral & Mixillofacial Surgeon. I was also the only Surgeon who performed Otolaryngotomy procedures for Respondent. Respondent terminated my emplyment on April 13, 2007, purportedly as part of a reduction in force due to budget cuts. My immediate Supervisor throughout my employment was Clifford Crawford, M.D., Chairman of the Department of General Surgery.

FEB 0 4 2008
CHICAGO DISTRICT OFC

See Attached Details

I believe that I have been harassed and discriminated against on the basis of my race and my sex in violation of Title VII of the Civil Rights Act of 1964, as amended and in violation of the Equal Pay Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 2-4-08   *Charging Party (Signature)*

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
SUBSCRIBED AND SWORN TO BEFORE ME THIS (Day, month, and year)
February 4, 2008

EXHIBIT A

EEOC FORM 5 (Test 10/94)

OFFICIAL SEAL
KIM CLEVELAND
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-2-2008

CHARGE OF DISCRIMINATION (CONT.)

Karen R. Nash, M.D.
The Cook County Bureau of Health/ Provident Hospital of Cook County
1900 W. Polk, Suite 220
Chicago, IL 60612
312-864-6820

Page 2

Throughout my employment, and at the time of my termination, I was the only full-time African American and the only female Oral and Maxillofacial Surgeon in the Cook County Bureau of Health's Division of Oral and Maxillofacial Surgery (hereinafter referred to as "Cook County"). I am Board Certified and was the only physician that did Otolaryngotomy procedures for Cook County. Throughout my employment, I have worked extremely hard to provide quality services to those in the most need of it, without regard for myself and, many times, in the face of discriminatory behavior on the part of Cook County. I worked seven (7) days per week with 24 hour per day call with only one (1) weekend off per month.

During my employment at Cook County, I was discriminated against on the basis of my race and sex. Specific instances of race and sex discrimination are as follows:

- I was paid less than my non-African American colleagues and subordinates with inferior credentials and less seniority;
- I was subjected to unfounded and unsubstantiated negative criticism of my competency and productivity by Clifford Crawford, M.D., (Chairman of General Surgery) which my non-African American colleagues were not subjected to;
- I was repeatedly left out of the budget by Clifford Crawford, M.D., while my male counterparts were not so treated; and
- I was laid off in April of 2007, without regard for my seniority and/or credentials in violation of the rules governing "reduction in force" in the Cook County Bureau of Health, whereas my non-African American colleagues were not so laid off.

Cook County's discriminatory behavior was witnessed by physicians and staff members within the Cook County medical facilities, including but not limited to Dr. Vietta Johnson, Dr. Dan Ivankovich, Dr. Carleton West and Dr. Manmohan Singh.

In April of 2007, Cook County notified me that I was being terminated due to "budget cuts". Purportedly, a lay-off plan had been prepared and approved in accordance with the "Cook County Rules and Regulations". However, this was just a "pretense", a false excuse to terminate my employment for discriminatory reasons. Cook County never produced any "lay-off plan" and the "Cook County Rules and Regulation" require that lay-offs proceed from leastsenior to most senior. Furthermore, it requires that laid off employees be recalled from most

CHARGE OF DISCRIMINATION (CONT.)

Page 3

senior to least senior. I have 15 years of seniority at Cook County but, at the time of my "lay off" and currently, there are physicians in my specialty working at Cook County with inferior credentials, less experience and less seniority than me.

I believe that I have been harassed and discriminated against on the basis of my race and my sex in violation of Title VII of the Civil Rights Act of 1964, as amended and in violation of the Equal Pay Act.

EEOC CHARGE OF DISCRIMINATION BY KAREN NASH, M.D.



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5072 8755

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

April 10, 2008

Dr. Karen Nash
c/o Linda C. Chatman, Esquire
Law Offices of Marcus, Boxerman, et al.
Attorney at Law
19 South LaSalle St., Ste.1500
Chicago, IL  60603

Re:  EEOC Charge Against Cook County Bureau of Health
     No. 440200802794

Dear Dr. Nash:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *(signature)*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Chicago District Office, EEOC
     Cook County Bureau of Health

EXHIBIT B




## COOK COUNTY BUREAU OF HEALTH SERVICES
# ONE OF THE LARGEST PUBLIC HEALTH SYSTEMS IN THE COUNTRY

In 1835, four years after Cook County Government was incorporated, the first health service, the Public Alms House for the poor, was established. In 1991, the Cook County Board created the Cook County Bureau of Health Services (CCBHS), an innovative, cost-efficient system of integrated healthcare. Today, it is the second largest division of Cook County Government and one of the largest public health systems in the country.

Serving a population of more than five million people spread over a sprawling area poses logistical challenges to ensuring access to all those in need of services. As part of its strategic plan, the Bureau focuses on the dual strategy of bringing health care into vulnerable communities by opening a network of neighborhood health centers throughout the city and suburbs while simultaneously building a new Hospital to serve as the hub of the system's inpatient services.

The Bureau's seven affiliates include the Ambulatory and Community Health Network of Cook County, Cermak Health Services of Cook County, Cook County Department of Public Health, The Ruth M. Rothstein CORE Center, John H. Stroger, Jr. Hospital of Cook County, Oak Forest Hospital of Cook County, and Provident Hospital of Cook County. The scope of healthcare services provided ranges from preventive and primary care, prenatal care, communicable diseases, and environmental health to long-term care, rehabilitation and geriatric medicine. The Bureau is a leader in innovative health programs that target those diseases and conditions that disproportionately impact the populations that it serves asthma, diabetes, HIV AIDS, trauma, cancer, high risk pregnant women and babies.

The Bureau now operates 30 community health centers. They are located in community, school and hospital based settings in underserved areas of Chicago and suburban Cook County. The Bureau has decentralized specialty services throughout the system so that it is easier for patients to receive care, stay healthy and not wait to seek care until they are so ill that they need to come into a hospital.

Therefore the Bureau recognizes its obligation not only to create a more effective internal system, but also to facilitate the development of a more integrated healthcare network throughout Cook County.

The Bureau has developed collaborations with other healthcare providers with the goal of expanding services at the neighborhood level while eliminating costly duplication. These partnerships have increased primary care capacity for indigent patients, established community delivery sites for low-risk mothers, and expanded the access of specialty care services offered by the Bureau to community providers.

Current hospital partnerships include Bethany Hospital, Jackson Park Hospital, Northwest Community Hospital, Rush Presbyterian-St. Luke's Medical Center, Saint Anthony Hospital, Saint Elizabeth Hospital, Saint James Hospital and Thorek Hospital. The Bureau has also established working relationships with such public sector partners as the Chicago Department of Public Health, federally funded community health centers and the Veteran's Administration. All of these relationships have allowed the Bureau to more successfully meet its mission.

EXHIBIT C

# Marcus, Boxerman & Chatman, LLP

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

19 SOUTH LASALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603

IRA J. MARCUS
MICHAEL J. BOXERMAN*
LINDA C. CHATMAN
SEAMUS M. RYAN

TELEPHONE (312) 641-2233
FACSIMILE (312) 332-4629

*Also Admitted in Missouri

OF COUNSEL
LEE SCOTT PERRES
JOHN J. DWYER, JR.
ROGER V. MCCAFFREY-BOSS

Via Hand Delivery
February 4, 2008

Mr. Todd Stroger
President, Cook County Board of Review
118 N. Clark St Room 537
Chicago, IL 60602

Re: Vietta Johnson, M.D., Dan Ivankovich, M.D. and Karen Nash, M.D.

Dear President Stroger:

Vietta Johnson, M.D., Dan Ivankovich, M.D. and Karen Nash, M.D., have retained this firm to prosecute their claims against the Cook County Bureau of Health (hereinafter "Cook County") and certain individuals within the Bureau. Cook County wrongly terminated Drs. Johnson, Ivankovich and Nash's employment in April of 2007 in violation of federal law, Cook County rules, and in violation of public policy. Specifically, Cook County discriminated against Drs. Johnson and Nash in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act. Cook County discriminated against Dr. Ivankovich in violation of the Civil Rights Act of 1964, as amended, and the Equal Pay Act in response to his support of Dr. Johnson. I have attached copies of the Charges of Discrimination that were filed against Cook County and, therefore, I will not go into detail regarding the discrimination claims in this letter. But, suffice it to say, Drs. Johnson, Ivankovich and Nash will be filing suit against Cook County for discrimination, harassment and violation the Equal Pay Act. Drs. Johnson and Ivankovich will also be filing suit against Cook County for retaliatory discharge. Specifically, Drs. Johnson and Ivankovich will allege and prove that Cook County targeted them for termination due to the following:

- their open support for the Cook County physician's union organizing activities;
- their criticism of Cook County policies that negatively affect the health and welfare of the patients that Cook County is supposed to serve, e.g., offering UIC and Loyola physicians "titles" at Cook County in order to supplement their income;
- their outspokenness regarding Cook County policies that adversely affect Cook County physicians;
- their outspokenness regarding Cook County's failure and/or inability to bill for Orthopedic Surgeries and other procedures; and
- their outspokenness regarding the very large salaries that Cook County pays to certain high level individuals/physicians within the County system for working part time or virtually no time at Cook County; they have full time private practices and/or full-time positions, e.g., heading up departments at UIC, Loyola and/or some other institution.



EXHIBIT D

MARCUS, BOXERMAN & CHATMAN, LLP

President Todd Stroger
Re: Drs. Johnson, Ivankovich & Nash
February 4, 2008
Page 2

In April of 2007, Drs. Johnson, Ivankovich and Nash were purportedly "laid off" as part of a "reduction in force" due to "budget cuts". Under those circumstance, Cook County was mandated to perform its duty in a prescribed manner, e.g., by seniority. But, Cook County (via the Bureau Chief and his minions) did not perform its duty in a prescribed manner. With malicious motives and intent, Cook County abused its power and took the opportunity to target these fine doctors for termination, in violation of public policy, thereby forfeiting any immunity it may have enjoyed for its shameful acts. Without said immunity, Cook County has no defense.

After the "layoffs", Drs. Johnson and Ivankovich filed grievances with Cook County and, in their grievance hearings, they put on extensive evidence supporting the facts as stated above. Cook County barely responded and what it said was incredible. Still, the Cook County Hearing Officer denied the grievances of these two dedicated physicians, putting politics, personal enrichment and personal vendettas ahead of the best interest of the medically needy citizens of Cook County.

During Drs. Johnson and Ivankovich's grievance hearings, Cook County countered that that Drs. Johnson and Ivankovich did not file grievances about their treatment until their positions and department were eliminated. Well first of all, Cook County did not really eliminate the department or the positions; it just eliminated Drs. Johnson and Ivankovich. After the purported "layoffs", Cook County: 1) kept the Podiatrist (who cannot admit patients to the hospital on his own); 2) kept virtually all of the orthopedic support staff; 3) transferred Dr. Allen Malk (an orthopedic surgeon) from Stroger Hospital to Provident Hospital right after the "layoffs", but he passed away shortly thereafter; 4) interviewed orthopedic surgeons for positions at Provident Hospital; and 5) advertised continued orthopedic services at Provident Hospital. Second of all, Drs, Johnson and Ivankovich did try to discuss their issues with Cook County, but these doctors were more interested in the wellbeing of their patients than their own personal well being. They complained about the way the patients were treated. They complained about the way the medical staff, as a whole, was treated. And, they worked diligently for the betterment of the system as whole; they wanted the patients to be first in the equation and not just pawns in a system set up to generate high salaries for the privileged few. Both of these doctors worked tirelessly for their patients and always put the patients first. Dr. Ivankovich volunteered his services for a year at Provident (2001-2002) before he joined the staff. Even after Cook County terminated his employment in April of 2007, Dr. Ivankovich offered to donate his services so that his patients wouldn't suffer. Cook County refused his offer because its goal was not really to save money for the people of Cook County. Its goal was not to serve the best interest of the patients of Cook County. Its goal was to get rid of Drs. Johnson and Ivankovich, shut them up, at any cost, and continue business as usual.

Regarding Dr. Nash, a fifteen (15) year veteran with the county, she worked seven (7) days a week and was on-call twenty-four (24) hours per day with only one weekend off per

2

MARCUS, BOXERMAN & CHATMAN, LLP

President Todd Stroger
Re: Drs. Johnson, Ivankovich & Nash
February 4, 2008
Page 3

month. In return, she was treated with disrespect and contempt and paid considerably less than her colleagues and subordinates. Consequently, like Drs. Johnson and Ivankovich, she is compelled to take legal action at this time.

Drs. Johnson, Ivankovich and Nash are providing this information as a courtesy and with the hope that it will stimulate communication and action on the part of the Cook County Board that will benefit the people of Cook County. In light of Cook County's behavior toward them to date, they do not expect any substantive response and are fully prepared to prosecute their individual claims against Cook County in the courts. However, they are reasonable people and remain amenable to constructive discussions with Cook County and the Board.

Thank you for your attention to this matter. Please feel free to call me to discuss this matter further.

Very truly yours,
Marcus, Boxerman & Chatman

By: *[signature]*
Linda C. Chatman
LCC/kc


Cc: Cook County Board of Commissioners