IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN NASH, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 3648 |
| V. | ) |
| | ) Judge Cox |
| COUNTY OF COOK | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING

**TO:** **ELECTRONIC FILING AND U.S. MAIL**
Linda C. Chatman
Marcus, Boxerman & Chatman
19 S. LaSalle St.
Suite 1500
Chicago, IL 60603

**PLEASE TAKE NOTICE** that on this September 2, 2008, the undersigned attorney electronically filed Defendant's Answer to Plaintiff's Complaint with the Clerk of the United States District Court, for the Northern District of Illinois, Eastern Division using the CM/ECF filing system. Courtesy copies delivered to chambers at the time of filing.

                                               RICHARD A. DEVINE
                                               State's Attorney of Cook County

                                       By:     S/Jamieson B. Bowman
                                                            Jamieson b. Bowman
                                                            Assistant State's Attorney
                                                            Labor/Employment Section
                                                            500 Richard J. Daley Center
                                                            Chicago, Illinois 60602
                                                            (312) 603-5668

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN NASH, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 3648 |
| V. ) | |
| ) | Judge Castillo |
| COOK COUNTY, ) | Magistrate Judge Mason |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COMES** the Defendant, Cook County Bureau of Health Services by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, JAMIESON B. BOWMAN, Assistant State's Attorney, and hereby answers the Plaintiff's Complaint as follows:

### NATURE OF ACTION

This is an action to address and correct unlawful employment and other practices on the basis of race and sex, including violation of Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act, 29 U.S.C. § 206 (d) (1). Plaintiff was adversely affected by Defendant's unlawful actions and seek [sic] the appropriate relief from this honorable court.

Plaintiff, Karen Nash, M.D., alleges that Defendant County of Cook, violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, and the Equal Pay Act, 29 U.S.C. § 206 (d) (1), by: (1) denying her the same compensation as similarly situated non-Black and male physicians; (2) subjecting her to a hostile work environment; and (3) terminating her employment under the guise of a "reduction in force" when her non-Black and male colleagues with less seniority, inferior credentials and less experience were not terminated.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1983, 42 U.S.C. 1985 and the Equal Pay Act, 29 U.S.C. § 206 (d)(1).

**ANSWER:** Defendants admit the allegations in paragraph 1.

2. The employment practices hereinafter alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**ANSWER:** Defendants admit the allegations in paragraph 2.

3. More than 30 days prior to the institution of this lawsuit, Plaintiff had filed charges of discrimination with the EEOC alleging violations of Title VII and the Equal Pay Act by Defendant, Cook County. (See attached hereto collectively marked as **Exhibit A**, incorporated herein, and made a part hereof by reference.) The U.S. Department of Justice issued a Notice of Right to Sue to Plaintiff on April 10, 2008. (See attached hereto and marked as Exhibit B, incorporated herein, and made a part hereof by reference.) The County of Cook (hereinafter "Cook County") terminated Plaintiff's employment on April 13, 2007, less than two years from the date of this filing, as required by Section 1983. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:** Defendants admit the allegations in paragraph 3.

## PARTIES

4. Plaintiff, Karen Nash, M.D., (hereinafter "Dr. Nash") was an Oral and Maxillofacial Surgeon between February 1992 and April 13, 2007. On February 4, 2008, Dr. Nash timely filed Charge Number 440-2008-02794 with the EEOC against the Bureau of Health and she is expressly authorized to bring this action for race and sex discrimination by Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act, 29 U.S.C. § 206 (d) (1).

**ANSWER:** Defendants admit the allegations in paragraph 4.

5. Defendant, County of Cook, (hereinafter "Cook County") has at all times relevant, operated one of the largest Public Health Systems in the country via the Cook County Bureau of Health Services (hereinafter the "Bureau"). The Bureau is the second largest division of Cook County Government. The Bureau has seven affiliates, including John H. Stroger, Jr. Hospital Oak Forest Hospital and Provident Hospital. (See attached Web Page Marked **Exhibit C** incorporated herein, and made a part hereof by reference.)

**ANSWER:** Defendants admit the allegations in paragraph 5.

6. At all times relevant, Cook County has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e (b), (g) and (h).

**ANSWER:** Defendants admit the allegations in paragraph 6.

## STATEMENT OF FACTS

7. Cook County, through the Bureau, provides health services to the more than five million people in need in Cook County, Illinois.

**ANSWER:** Defendants admit the allegations in paragraph 7.

8. The Bureau's mission statement says that it will ensure access to all those in need of service.

**ANSWER:** Defendants admit the allegations in paragraph 8.

9. The Bureau has seven affiliates including: 1) Ambulatory and Community Health Services of Cook County; 2) Cermak Health Services of Cook County; 3) Cook County Department of Public Health; The Ruth M. Rothstein CORE Center; 5) Oak Forest Hospital of Cook County; and 7) Provident Hospital of Cook County.

**ANSWER:** Defendants admit the allegations in paragraph 9.

10. The Bureau, and therefore the medical care provided by the Bureau, is supported by the citizens of Cook County via their tax dollars.

**ANSWER:** Defendants admit the allegations in paragraph 10.

11. Cook County, via the Bureau, has a long standing practice of excluding Blacks and women from management positions in the Bureau and, most recently, have concentrated on the few Black administrators and the majority of Black physicians at Provident Hospital of Cook County.

**ANSWER:** Defendants deny the allegations in paragraph 11.

12. Cook County, via the Bureau, has a long standing practice of underpaying and overworking Blacks and female physicians within the Bureau.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. Throughout her employment at Cook County, Dr. Nash was the only full-time Black and the only female Oral and Maxillofacial Surgeon in the Bureau's Division of Oral and Maxillofacial Surgery.

**ANSWER:** Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, deny same.

14. Throughout her employment at Cook County, Dr. Nash was the only physician that did Otolaryngotomy procedures for the entire Bureau.

**ANSWER:** Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, therefore, deny same.

15. Dr. Nash worked extremely long and hard hours to provide quality services to those most in need; she worked virtually seven (7) days a week being on call for twenty-four (24) hours with only one weekend off per month.

**ANSWER:** Defendants deny the allegations in paragraph 15.

16. Dr. Nash's non-Black and male colleagues were not required to work such extreme hours.

**ANSWER:** Defendants deny the allegations in paragraph 16.

17. Dr. Nash was paid less than her non-Black and male colleagues and subordinates who worked less and had less seniority.

**ANSWER:** Defendants deny the allegations in paragraph 17.

18. Cook County repeatedly subjected Dr. Nash to unfounded and unsubstantiated negative criticism of her competency and productivity whereas her non-Black and male colleagues were not subjected to such treatment.

**ANSWER:** Defendants deny the allegations in paragraph 18.

19. Dr. Nash's immediate supervisor, Clifford Crawford, M.D., repeatedly left her out of her department's budget and only put her back in after Dr. Nash and other physicians pointed it out and complaint [sic].  Dr. Crawford but did not leave Dr. Nash's non-Black and male colleagues out of the budget. [sic]

**ANSWER:**   Defendants deny the allegations in paragraph 19.

20. In 2007, Cook County announced a "reduction in force" due to budget cuts which, by the applicable law and the Bureau's own policies, was supposed to be carried out by seniority with the least senior employees being laid off first and the most senior employees being recalled first, <u>prior to the hiring of any new employees</u>.

**ANSWER:**   Defendants deny the allegations in paragraph 20.

21. Cook County did not produce or provide any "lay-off" plan to the affected employees.

**ANSWER:**   Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, deny same.

22. Cook County did not carry out physician lay-offs according to seniority; Cook County terminated Dr. Nash without regard for her seniority or her credentials in violation of the applicable law and rules governing any "reduction in force" at Cook County.

**ANSWER:**   Defendants deny the allegations in paragraph 22.

23. Cook County used the purported "reduction in force" to target certain physicians, especially at Provident Hospital, including Dr. Nash for termination.  (See attached letter to Todd Stroger marked **Exhibit D** incorporated herein, and made a part hereof by reference.)

**ANSWER:**   Defendants deny the allegations in paragraph 23.

24. At the time of her "lay-off", Dr. Nash had fifteen (15) years of seniority at Cook County.

6

**ANSWER:** Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, therefore, deny same.

25. At the same time, non-Black and male physicians, in her specialty, with inferior credentials, less experience and seniority were not "laid off".

**ANSWER:** Defendants deny the allegations in paragraph 25.

## COUNT I

### Race and Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended

26. Plaintiff incorporates by reference paragraphs 1 through 25.

**ANSWER:** Defendants restate and incorporate their answers to paragraphs 1 through 25 as their answer to paragraph 26.

27. As a result of Defendant's discriminatory acts, Plaintiff received disparate treatment, including but not limited to: 1) being paid less than her non-Black and male colleagues and subordinates; 2) being subjected to a hostile work environment; 3) being repeatedly left out of the budget by Defendant Clifford Crawford, M.D.; and 4) being terminated under the guise of a "reduction in force" on April 13, 2007 while non-Black and male colleagues [sic] inferior credentials, less experience and less seniority were not terminated.

**ANSWER:** Defendants deny the allegations in paragraph 27.

28. In direct violation of Title VII of the Civil Rights Act of 1964, as amended, Cook County engaged in Race and Sex Discrimination as described in the attached Charge of Discrimination, attached hereto as Exhibit A.

**ANSWER:** Defendants deny the allegations in paragraph 28.

7

29. As a result of Cook County's conduct, as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:** Defendants deny the allegations in paragraph 29.

WHEREFORE, Plaintiff, Karen Nash, M.D., prays for Judgment against Cook County, as follows:

A. For an award of compensatory damages for Plaintiff's injury to her career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits in excess of $75,000.00;

B. For Attorneys Fees and costs of this suit, including expert witness fees;

C. Front Pay;

D. Pre-judgment interest in an amount to be determined at the time of trial; and

E. For such other relief as is just and equitable.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief under any theory of damages. WHEREFORE, Defendants, respectfully request this Court enter judgment in their favor and against Plaintiff, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## COUNT II

### Violation of the Equal Pay Act, 29 U.S.C. § 206 (d) (1)

30. Plaintiff incorporates by reference paragraphs 1 through 29.

**ANSWER:** Defendants restate and incorporate their answers to paragraphs 1 through 29 as their answer to paragraph 30.

31. As a result of Defendant's discriminatory acts, Plaintiff received disparate treatment, including but not limited to: 1) being paid less than her male colleagues and subordinates; 2) being repeatedly left out of the budget by Defendant Clifford Crawford, M.D.

**ANSWER:** Defendants deny the allegations in paragraph 31.

28.[sic] In direct violation of the Equal Pay Act, 29 U.S.C. § 206 (d) (1), Cook County illegally discriminated against Dr. Nash by paying her less than her male colleagues with inferior credentials, less experience and less seniority, as described in the attached Charge of Discrimination, attached hereto as Exhibit A.

**ANSWER:** Defendants deny the allegations in paragraph [sic] 28.

32. As a result of Cook County's conduct, as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to Equal Pay Act, 29 U.S.C. § 206 (d) (1).

**ANSWER:** Defendants deny the allegations in paragraph 32.

WHEREFORE, Plaintiff, Karen Nash, M.D., prays for Judgment against Cook County, as follows:

A. For an award of damages for Plaintiff's injury to her career and back pay in excess of $75,000.00;

9

B. Liquidated damages;

C. For Attorneys Fees and costs of this suit, including expert witness fees;

D. Pre-judgment interest in an amount to be determined at the time of trial; and

E. For such other relief as is just and equitable.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief under any theory of damages. WHEREFORE, Defendants, respectfully request this Court enter judgment in their favor and against Plaintiff, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

RICHARD A. DEVINE
State's Attorney of Cook County

By:   S/Jamieson B. Bowman
      Jamieson B. Bowman
      Assistant State's Attorney
      Labor/Employment Section
      500 Richard J. Daley Center
      Chicago, Illinois 60602
      (312) 603-5668